# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| SPINE & SPORTS CHIROPRACTIC, INC., individually, and as the representatives of a class of similarly-situated persons, | Civil Action No.: 2:15-cv-3041 |
| Plaintiffs, | Judge: |
| v. | **CLASS ACTION COMPLAINT** |
| INSIGHT HEALTH CORP., INSIGHT PROSCAN, LLC and JOHN DOES 1-10, | |
| Defendants. | |

Plaintiff Spine & Sports Chiropractic, Inc. ("Spine & Sports Chiropractic" or "Plaintiff") brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Spine & Sports Chiropractic or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Insight Health Corp., Insight ProScan, LLC (collectively referred to as "Insight") and John Does 1-10:

### PRELIMINARY STATEMENT

1. This case involves the sending of unsolicited advertisements via facsimile.

2. The Telephone Consumer Protection Act ("TCPA"), which was modified and renamed the Junk Fax Prevention Act ("JFPA") in 2005, is codified at 47 U.S.C. § 227. Under the JFPA, it is unlawful to send an unsolicited advertisement to someone's fax machine. The JFPA allows private rights of action and provides statutory damages of $500.00 per violation.

3. Insight sent an unsolicited advertisement to Spine & Sports Chiropractic on December 15, 2011 ("the 12/15 Fax Ad"). A copy of the 12/15 Fax Ad is attached hereto as

Exhibit A. The 12/15 Fax Ad promotes the commercial availability and/or quality of Insight's services.

4. The receipt of an unsolicited advertisement via facsimile (or "junk fax") causes damage to the recipient. A junk fax uses the office supplies of the recipient such as paper, toner, and the fax machine itself. A junk fax also ties up the phone line and the fax machine of the recipient, thereby precluding their use for legitimate, authorized facsimiles and other business. Finally, a junk fax wastes the recipient's time in reviewing and discarding unwanted solicitations.

5. Based on information, belief, and the appearance of the 12/15 Fax Ad itself, Insight also sent the 12/15 Fax Ad to numerous other persons via their respective fax machines. Insight will likely continue to send such advertisements via facsimile absent an injunction or other action prohibiting such conduct.

6. On behalf of itself and all others similarly situated, Spine & Sports Chiropractic brings this case as a class action against Insight under the JFPA.

7. The claims of Spine & Sports Chiropractic and the other recipients of the 12/15 Fax Ad are all based on the same legal theory; *i.e.,* violations of the JFPA. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Insight, their employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; (ii) statutory damages in the amount of $500.00 for each violation of the JFPA, and (iii) treble damages as provided by § 227(b)(3) of the JFPA.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227, as the JFPA is a federal statute and, therefore, gives rise to federal question jurisdiction.

9. This Court has personal jurisdiction over Insight because Insight transacted business within this judicial district, made contracts within this judicial district, and/or committed tortious acts within this judicial district.

10. This Court has venue under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

11. Spine & Sports Chiropractic is an Ohio corporation, and it operates a chiropractic clinic located at 4000 Indianola Avenue in Columbus, Ohio.

12. On information and belief, Insight Health Corp. is a Minnesota corporation, and its principal place of business is located at 5775 Wayzata Blvd., Suite 400 in St. Louis Park, MN 55416. Insight Health Corp owns and/or operates facilities that provide medical imaging services, including a facility called "Broad Street Imaging" that is located at 750 East Broad Street in Columbus, OH 43205.

12. On information and belief, Insight Proscan, LLC. is an Ohio corporation, and its principal place of business is located at 26250 Enterprise Court, Suite 100 in Lake Forest, CA 92630. Insight Proscan owns and/or operates facilities that provide medical imaging services, including a facility called "Polaris Open MRI" that is located at 2141 Polaris Parkway in Columbus, OH 43240.

13. John Does 1-10 assisted Insight in its facsimile advertising activities by providing a list of fax numbers, transmitting the 12/15 Fax Ad, providing advice or assistance on the

3

content of the 12/15 Fax Ad, *etc.* The identity of the John Doe defendants is not presently known but will be identified through discovery.

## FACTS

14. Insight sent material to Spine & Sports Chiropractic via its office facsimile machine that promoted the commercial availability or quality of Insight's goods or services on December 15, 2011.

15. Insight did not seek or obtain permission from Spine & Sports Chiropractic to send ads to Spine & Sports Chiropractic's facsimile machine prior to doing so.

16. The 12/15 Fax Ad did not contain an opt-out notice that complied with the requirements of the JFPA.

17. Based on information, belief, and the appearance of the 12/15 Fax Ad itself, Insight sent the 12/15 Fax Ad to more than forty persons via facsimile.

## CLASS ACTION ALLEGATIONS

18. In accordance with Fed. R. Civ. Pro 23, Spine & Sports Chiropractic brings this action on behalf of the following persons: "All persons who (1) on or after four years prior to the filing of this action (2) were sent the 12/15 Fax Ad or similar material (3) via facsimile (4) by or on behalf of Insight." This class of persons constitutes the putative class members. Spine & Sports Chiropractic may amend the class definition after discovery identifies potential class members, additional facsimile advertisements, and/or the contours of the class.

19. <u>Numerosity</u>: Based on information, belief, and the appearance of the 12/15 Fax Ad itself, the number of putative class members exceeds forty. 12/15 Fax Ads are typically sent to hundreds if not thousands of persons. The joinder of such a large group of persons in a single lawsuit would be impracticable.

20. <u>Commonality</u>:  Common questions of law and fact apply to the claims of the putative class members.  These include the following:

    (a) Whether the 12/15 Fax Ad constitutes an "unsolicited advertisement" within the meaning of the JFPA;

    (b) How Insight compiled or obtained the list of fax numbers to which the 12/15 Fax Ad was sent;

    (c) Whether Insight obtained "express invitation or permission" within the meaning of the JFPA from the intended targets prior to sending them the 12/15 Fax Ad;

    (d) Whether the opt-out notice on the 12/15 Fax Ad complies with the requirements of the JFPA;

    (e) Whether Insight violated the JFPA and the regulations promulgated thereunder with regard to the 12/15 Fax Ad; and

    (f) Whether Insight sent the 12/15 Fax Ad intentionally, knowingly, or willfully.

21. <u>Typicality</u>:  Spine & Sports Chiropractic's claims are typical of the claims of the putative class members.  Spine & Sports Chiropractic is asserting the same claim under the same federal statute as the other members of the putative class.  Spine & Sports Chiropractic is also seeking the same relief for itself and the other members of the putative class.

22. <u>Adequacy</u>:  Spine & Sports Chiropractic will fairly and adequately represent the interests of the putative class members.  Spine & Sports Chiropractic has no interests in conflict with the putative class members, has the resources and inclination to prosecute this action to completion, and has retained experienced counsel to assist it in doing so.

23. <u>Predominance</u>:  The questions of law and fact common to the putative class members predominate over any questions affecting only individual members because:

  (a) Spine & Sports Chiropractic's claim depends on the same factual and legal issues as that of the putative class members;

  (b) the evidence supporting Insight's likely defenses will come solely from Insight's own records and will not require any information or inquiries from individual class members;

  (c) the damages for all putative class members are set by statute and will, therefore, be the same for each and every member of the putative class; and

  (d) the identity of the putative class members can be readily ascertained from Insight or its agents' computer records, phone records, or other business records.

24. <u>Superiority</u>: A class action would be superior to individual actions by the putative class members for the following reasons:

  (a) the damages suffered by any one class member are too low to justify a stand-alone lawsuit;

  (b) the JFPA contains no provision for awarding attorney fees. As such, individual claimants would, as a practical matter, have to proceed *pro se* against a large, sophisticated defendant;

  (c) many of the putative class members are legal entities that would not be permitted to proceed in court *pro se*; and

  (d) the evidence concerning each of putative class member's claims is so similar that the adjudication of each on an individual basis would be repetitive, inefficient, and wasteful.

## **CLAIM FOR RELIEF – VIOLATIONS OF THE JFPA**

25. The JFPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . . ." 47 U.S.C. 227(b)(1).

26. The JFPA defines an "unsolicited advertisement" as "any material advertising the

6

commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

27. Insight sent the 12/15 Fax Ad to the facsimile machines of Spine & Sports Chiropractic and numerous other persons.

28. The 12/15 Fax Ad promotes the commercial availability and/or quality of the goods and/or services of Insight.

29. Insight did not obtain prior express invitation or permission from Spine & Sports Chiropractic before sending the 12/15 Fax Ad to Spine & Sports Chiropractic's fax machine. Based on information and belief, Insight is continuing to send unsolicited advertisements to persons via facsimile in violation of the JFPA and, absent intervention by this Court, will continue to do so.

30. Insight's conduct has caused Spine & Sports Chiropractic and the putative class members to suffer actual and statutory damages under the JFPA.

WHEREFORE, Plaintiff Spine & Sports Chiropractic, Inc. individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants Insight Health Corp., Insight Proscan, LLC, and John Does 1-10 as follows:

(1). that the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Spine & Sports Chiropractic as the representative of the class, and appoint Spine & Sports Chiropractic's counsel as counsel for the class;

(2). that the Court award statutory damages for each violation by Insight;

(3). that the Court enjoin Insight from additional violations of the JFPA; and

(4).	that the Court award pre-judgment interest, post-judgment interest, attorney fees, treble damages, costs, and such other relief as may be just and proper.

Respectfully submitted,

SPINE AND SPORTS CHIROPRACTIC, INC., individually and as the representative of a class of similarly-situated persons,

*/s/ Matthew E. Stubbs*
GEORGE D. JONSON (0027124)
MATTHEW E. STUBBS (0066722)
MONTGOMERY, RENNIE & JONSON
36 E. Seventh Street, Suite 2100
Cincinnati, Ohio  45202
(513) 241-4722
(513) 241-8775 (fax)
Email:  gjonson@mrjlaw.com
           mstubbs@mrjlaw.com

*Counsel for Spine & Sports Chiropractic, Inc.*