IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SPINE AND SPORTS
CHIROPRACTIC, INC.,

            **Plaintiff,**

                                            **Civil Action 2:15-cv-3041**
      **v.**                              **Chief Judge Edmund A. Sargus, Jr.**
                                              **Magistrate Judge Jolson**

INSIGHT HEALTH CORP., et al.,

            **Defendants.**

## <u>OPINION AND ORDER</u>

    This matter is before the Court on Defendants' Motion to Stay Proceedings.  (Doc. 15; *see also* Doc. 21).  Plaintiff opposes the Motion.  (Doc. 19).  For the following reasons, the Court DENIES the motion.

    Plaintiff filed this class action lawsuit alleging that Defendants violated the Junk Fax Prevention Act ("JFPA"), 47 U.S.C. § 227, by sending unsolicited advertisements that did not include the required opt-out notice concerning unwanted faxes to its fax machine and the fax machines of those similarly situated.  (Doc. 1 at ¶ 1 ("This case involves the sending of unsolicited advertisements via facsimile."); *id.* at ¶ 2 ("Under the JFPA, it is unlawful to send an unsolicited advertisement to someone's fax machine."); *id.* at ¶ 3 ("Insight sent an unsolicited advertisement to Spine & Sports Chiropractic on December 15, 2011[.]"); *id.* at ¶ 4 ("The receipt of an unsolicited advertisement via facsimile (or 'junk fax') causes damage to the recipient.").

    On March 2, 2016, Defendants moved to stay this case.  (Doc. 15).  Providing only one basis for a stay, Defendants claim that *Bais Yaakov of Spring Valley v. Federal Communications*

*Commission*, No. 14-1234, a case pending before the United States Court of Appeals for the D.C. Circuit, "will have a profound effect" on this case, and therefore this Court should wait for the resolution of that appeal before allowing this matter to proceed. *Id.* at 1.

In *Bais Yaakov of Spring Valley*, the D.C. Circuit will review the Federal Communications Commission Order, dated October 30, 2014, interpreting the JFPA. *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, Junk Fax Protection Act of 2005*, FCC 14-164 (Oct. 30, 2014) ("FCC Order"). In that Order, the FCC interpreted the JFPA as applying to both solicited and unsolicited faxes: "[S]enders of fax ads must include certain information on the fax that will allow consumers to opt out even if they previously agree to receive fax ads from such senders." *Id.* at ¶ 1. However, due to the uncertainty that existed prior to the FCC Order, the FCC granted retroactive waivers of the opt-out requirement to certain fax advertisement senders and further provided a six-month window for waiver recipients to come into compliance with the opt-out requirement. *Id.* at ¶¶ 1–2. In addition, the FCC invited similarly situated parties to seek waivers such as those granted in the Order. *Id.* at ¶ 2.

Insight Health Services Holding Corp. took advantage of the FCC's invitation and filed a petition for a retroactive waiver. (Doc. 15 at 1). The petition requested the FCC to "grant a retroactive waiver . . . with respect to faxes that have been transmitted by Insight (or on its behalf) with the prior express consent or permission of the recipients or their agents ('Solicited Faxes') after the effective date of the Regulation." *Id.*, Ex. 2 at 1. The FCC granted the waiver. *Id.*, Ex. 3 at 16–17. Defendants assert that they are subsidiaries and affiliates of Insight Health Services Holding Corp. and, consequently, are included in the waiver. (Doc. 21 at 5).

Based on the FCC Order, the waiver, and the pending litigation in the D.C. Circuit, Defendants now seek to stay this case. But all three are irrelevant here. The FCC Order makes

clear that the retroactive waiver like the one Insight Health Services Holding Corp. received "does not affect the prohibition against sending *un*solicited fax ads, which has remained in effect since its original effective date."  (Doc. 15, Ex. 1 at 1 n.2 (emphasis added)); *see also Simon v. Healthways, Inc.*, No. 14-08022-BRO (JCx), 2015 WL 10015953, at *2 (C.D. Cal. Dec. 17, 2015) (noting that FCC waiver did "not affect the prohibition against sending unsolicited fax advertisements").  Even Defendants themselves acknowledged the reach of the waiver in the Petition to the FCC, requesting relief only as to solicited faxes.  *Supra* at 2.

In contrast, this case is all about *un*solicited faxes.  Plaintiff's preliminary statement provides:

> This case involves the sending of *un*solicited advertisements via facsimile…. Under the JFPA, it is unlawful to send an *un*solicited advertisement to someone's fax machine…. Insight sent an *un*solicited advertisement to Spine & Sports Chiropractic on December 15, 2011…. The receipt of an *un*solicited advertisement via facsimile (or "junk fax") causes damage to the recipient.

(Doc. 1 at ¶¶ 1-4) (emphasis added).  Likewise, in its claim for relief, Plaintiff provides the definition of "unsolicited advertisement" as set forth in 47 U.S.C. § 227(a)(5) and alleges:

> Insight did not obtain prior express invitation or permission from Spine & Sports Chiropractic before sending the 12/15 Fax Ad to Spine & Sports Chiropractic's fax machine.  Based on information and belief, Insight is continuing to send *un*solicited advertisements to persons via facsimile in violation of the JFPA and, absent intervention by this Court, will continue to do so.

*Id.* at ¶ 29 (emphasis added).  Plaintiff also states that it seeks, *inter alia*, injunctive relief enjoining Insight "from sending *un*solicited advertisements in violation of the JFPA…."  *Id.* at ¶ 7 (emphasis added).

Because Plaintiff's Complaint concerns only unsolicited faxes, the matter under consideration by the D.C. Circuit is inapplicable, and a stay is not warranted.  *See Fauley v. Heska Corp.*, 112 F. Supp.3d 775, 778 (N.D. Ill. 2015) (denying motion to stay because, *inter*

*alia*, the FCC waiver "only applies to faxes sent with the recipient's prior consent, which plaintiff says he and the putative class members did not give"); *Simon v. Healthways, Inc.*, No. 14-8022-BRO (JCx), 2015 WL 1568230, at *6 (C.D. Cal. Apr. 7, 2015) (denying motion for a stay where Plaintiff alleged "that the faxes were sent without prior express permission"); *True Health Chiropractic, Inc. v. McKesson Corp.*, No. 13-cv-2219-JST, 2014 WL 6707594, at *2 (N.D. Cal. Nov. 25, 2014) (upholding denial of a motion to stay and noting that, "[b]ecause the class here is defined to include only those who received *unsolicited* faxes, the issue of waiver for those who received *solicited* faxes is not relevant") (emphasis in original); *Around the World Travel, Inc. v. Unique Vacations, Inc.*, No. 14-CV-12589, 2014 WL 6606953, at *4 (E.D. Mich. Nov. 19, 2014) (denying motion to stay where the "Complaint alleges that defendant sent unsolicited faxes, as opposed to solicited faxes, in no less than fourteen allegations").

Based upon the foregoing, the Court, in its discretion, DENIES Defendants' Motion to Stay Proceedings.

## Motion to Reconsider

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a Motion for Reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The Motion must specifically designate the Order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the Motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This Order is in full force and effect even if a Motion for Reconsideration has been filed

unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

IT IS SO ORDERED.


Date:  March 29, 2016                                    s/ Kimberly A. Jolson
                                                        Kimberly A. Jolson
                                                        United States Magistrate Judge